## Swift & Company, Appellant, v. Katie Stolze, Administratrix, etc., Appellee.

1. CONTRIBUTORY NEGLIGENCE—*when servant guilty of.* *Held*, that the plaintiff in this case, injured by falling in an elevator shaft, was guilty of contributory negligence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Reversed with finding of fact. Opinion filed March 18, 1908.

C. E. POPE, for appellant.

CHARLES A. KARCH and L. D. TURNER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit as administratrix of the estate of her husband, John H. Stolze, deceased, to recover damages for the benefit of herself and child, the next of kin, resulting from his death, which occurred while he was in the employ of appellant at its plant in East St. Louis, on November 10, 1906. The six counts of the declaration upon which the case was tried allege that said John H. Stolze was employed by appellant in its hide cellar and that he received the injuries which resulted in his death from falling down an elevator shaft, at the place where he was at work in appellant's plant; that appellant was guilty of negligence in not having a person in its employ in charge of the elevator to operate the same and guard employes and others from dangers incident to its construction and erection; that it negligently and knowingly failed to provide reasonably safe and suitable machinery and appliances for persons in its employ; that it failed to provide doors to the elevator opening and closing automatically; that it negligently failed to supply such means as would cause a door or gate or bar to close off the elevator shaft, whenever the cage within it had passed the respective floors of the building, so as to prevent entrance to the shaft at such times. The general issue was filed by defendant and there was a trial by jury resulting in a verdict and judgment for $5,800.

The facts concerning which there seems to be no controversy of moment, appear from the record to be substantially as follows: On the day he was injured John H. Stolze, a man twenty-eight years of age, was working for appellant as foreman of the hide department in a building where hides were salted, cleaned and prepared for shipment. He had worked in this department for five years, and had acted as foreman

for more than two years immediately previous to the day in question. He worked under the general direction of the superintendent of the hide department, but he, himself, had immediate charge of the laborers in the hide cellar with authority to employ and discharge them. The building called the hide cellar had three floors or stories. The floors were nine feet apart and there were stairways between them. There was also an elevator cage running up and down by friction and a shaft in which the same operated. At each landing or floor there was a pair of doors inclosing the shaft which opened outward and were fastened by means of a wooden bar operated from the inside of the shaft, which fitted into two iron hooks on the door so that when closed the doors could only be opened by a person on the elevator. A man had formerly been employed to operate the elevator and there was evidence tending to show that this man had been discharged by Stolze, and that thereafter for about a year prior to the time he was injured, Stolze and some of the men working under him, operated it. Appellant's superintendent testified that Stolze had the authority to employ a person solely for this purpose had he chosen to do so. On the day of the injury Stolze brought some men up on the elevator from the first floor to the second to spread hides. The men went on into the room while Stolze either stopped at the doors of the elevator or went up to the third floor and returned again to the second. After he stepped from the elevator and was holding the door, one of his men, Ray Canter, came to the elevator and Stolze asked him where he was going; he said he was going to see Wiggins below or on the first floor. Stolze told him Wiggins was on the third floor and Canter got on the elevator and went up, leaving Stolze still leaning on the elevator door. After a few minutes Canter returned to the second floor where he stopped to take on another workman, and then took the elevator on down to the first floor. When they neared the first

floor the man discovered Stolze crawling out of the shaft from under the cage.

It was shown by the proofs that Stolze had left the elevator doors and gone into the room some forty or forty-five feet, and then went back to it apparently for the purpose of going below; that the doors then stood open about a foot with a lever or bar sticking out; that he took hold of the lever, swung around backward, not noticing that the elevator was not there and fell down the shaft. He was removed to a hospital, but his injuries were so severe that he died the same day.

Appellant urges a number of reasons why the judgment in this case should be reversed, but it is only necessary for us to consider that one which relates to the charge in each count of the declaration that deceased, at the time he was injured, was in the exercise of due care and caution for his own safety. Stolze was familiar with the manner in which the elevator was operated and had been so for years. Part of the time he operated it himself and had been doing so just immediately previous to the time he was injured. When he was not running it himself, the men under his charge were doing so; the man who took the elevator from the second floor did so with the full knowledge and consent of Stolze who directed him where to go to find the person he was looking for, and permitted him to take the elevator away without closing the doors. Afterwards Mr. Stolze without looking to see whether the elevator was there or not, pulled the door open, turned around backward and stepped into the shaft. We think the uncontroverted facts clearly show that Mr. Stolze was not exercising due care and caution for his own safety, in stepping into the shaft in the manner in which he did, and that his injuries resulted from an act of negligence on his part.

The judgment of the court below will be reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment:
We find that at the time plaintiff's intestate, John
H. Stolze, received the injuries which resulted in his
death, he was not in the exercise of due care and cau-
tion for his own safety.